IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00903-BNB

LYNN E. SCOTT,

      Plaintiff,

v.

MR. TUKULU [sic],

      Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 1 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Scott initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983. He also asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

The Court must construe the complaint liberally because Mr. Scott is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an amended complaint.

The gift of Mr. Scott's complaint is not clear to the Court because the allegations in the discussion of the nature of this suit appear to be unrelated to the asserted claim. As his sole claim, Mr. Scott appears to be suing his parole officer for failing to provide

him with assistance in securing housing pursuant to Colo. Rev. Stat. § 17-22.5-403(8)(a). However, in his discussion of the nature of the case, he alleges that he was assisted by Mr. Tukulu in securing housing at the Crossroads Shelter, apparently a community corrections facility. Apparently, after he met with the state parole board, he either was denied release on parole like other offenders who, like him, had completed a year in prison without any disciplinary write-ups, or was rejected by the designated community corrections facility because he had filed in state court an intent to sue over his community corrections placement.

Mr. Scott has failed to set forth a short and plain statement of his claims showing that he is entitled to relief. The general rule that **pro se** pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, Mr. Scott's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. Scott is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

2

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Scott to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Scott fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The Court finds that the complaint is vague. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In addition, Mr. Scott must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Scott must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159,

166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Scott may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Scott uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service.

Mr. Scott, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, sues proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that **within thirty days from the date of this order** Plaintiff, Lynn E. Scott, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Scott, together with a copy of this order, two copies of the Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if, within the time allowed, Mr. Scott fails to file an amended complaint that complies with this order to the Court's satisfaction, the

complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 18th day of June, 2010.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00903-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2005
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6 21 10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk