IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00903-BNB

LYNN E. SCOTT,

    Plaintiff,

v.

MR. TEKLU,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Lynn E. Scott, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista correctional facility. Mr. Scott initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983. He also asserted supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

In an order filed on June 21, 2010, Magistrate Judge Craig B. Shaffer directed Mr. Scott to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, sued the proper parties, and alleged specific facts that demonstrated how each named Defendant personally participated in the asserted constitutional violations. On July 12, 2010, Mr. Scott filed an amended complaint for money damages pursuant to §§ 1983 and 1367.

Mr. Scott has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Scott is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Scott's filing liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

As his sole claim, Mr. Scott is suing his parole officer for failing to provide him with assistance in securing housing pursuant to Colo. Rev. Stat. § 17-22.5-403(8)(a) when he was on parole. Colo. Rev. Stat. § 17-22.5-403(8)(a) provides that, for persons granted parole, the "division of adult parole shall provide . . . assistance in securing employment, housing, and such other services as may affect the successful reintegration of such offender into the community while recognizing the need for public

2

safety." Mr. Scott contends the parole officer's failure to assist him with housing constitutes a due process violation under the Fourteenth Amendment to the United States Constitution.

Mr. Scott's allegations do not rise to the level of asserting a constitutional violation. Merely making the vague and conclusory allegation that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. **See Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Scott does not allege facts in his amended complaint that implicate a constitutionally protected life, liberty, or property interest. The simple allegation that his parole officer failed to assist him in finding housing while he was on parole is insufficient to rise to the level of a federal constitutional violation. **See Hall**, 935 F.2d at 1110. As such, the claim and the complaint are legally frivolous, and will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly, it is

ORDERED that the amended complaint filed by Plaintiff, Lynn E. Scott, and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00903-BNB

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/22/10

    GREGORY C. LANGHAM, CLERK

    By: _____
        Deputy Clerk